894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jose VALENCIANO-SUAREZ (89-1599), Julio Murillo-Benitez
(89-1614), Cristobal Abadia (89-1619),
Petitioners-Appellants,
v.
JOHN GLUCH, et al., Respondents-Appellees.
 Nos. 89-1599, 89-1614, 89-1619.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The government moves to dismiss these appeals from the district court's order denying the petitioners' requests for writs of habeas corpus. 28 U.S.C. Sec. 2241 (1982). Counsel for the petitioners has filed a response to the motion.
 
 
 2
 In the district court, the petitioners requested writs of habeas corpus against Immigration and Naturalization Service (INS) detainers lodged against them while they served prison sentences at the Federal Correctional Institute in Milan, Michigan. The district court denied the petitions.
 
 
 3
 The government moves to dismiss the appeals as moot. The government argues that Valenciano-Suarez's case is moot because no detainer is pending against him. The government argues that Murillo-Benitez's case is moot because he has already received a deportation hearing and has been ordered deported. Finally, the government argues that Abadia's case is moot because his deportation hearing is currently underway.
 
 
 4
 The general rule is that a case is moot when the issues are no longer "live." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). Normally, voluntary cessation of allegedly illegal conduct does not render a case moot. 440 U.S. at 631. However, a case may become moot if there is no reasonable expectation that the alleged violation will recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. 440 U.S. at 631.
 
 
 5
 Under this test, the cases of Murillo-Benitez and Abadia are clearly moot. However, the case of Valenciano-Suarez is not moot. Although an earlier detainer was discharged by the holding of a hearing, Valenciano-Suarez has been convicted of another crime which the government indicates makes him again subject to deportation. The government has not promised to refrain from filing a new detainer, even though such a promise would render the case moot. See Defunis v. Odegaard, 416 U.S. 312, 317 (1974) (per curiam). Therefore, there is a reasonable expectation that the alleged violation could recur, and the case is not moot.
 
 
 6
 In Cases Nos. 89-1614 and 1619, the motion to dismiss is granted. In Case No. 89-1599, the motion to dismiss is denied.